**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Mitchell Dean Cree, | ) | |
| | ) | |
| Petitioner, | ) | Case No.  4:10-cv-25 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER DISMISSING** |
| | ) | **SUCCESSIVE MOTION** |
| Respondent. | ) | |

Before the Court is an petition filed by the Mitchell Dean Cree entitled "Ad Hoc Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(a)(c)(1)(2)(3)" and an application to proceed in forma pauperis.  Cree is acting pro se.

**I.     BACKGROUND**

Cree is currently incarcerated at the United States Penitentiary in Marion, Illinois.  He was tried by a jury and found guilty of kidnapping, assault resulting in serious bodily injury, and interstate domestic violence on January 22, 1998.  He was sentenced to 262 months imprisonment on March 17, 1998.  Cree appealed his conviction.  The conviction was affirmed on February 2, 1999.  United States v. Cree, 166 F.3d 1270 (8th Cir. 1999).  Cree filed his first motion pursuant 28 U.S.C. § 2255 on February 15, 2000.  The motion was denied by the undersigned on May 18, 2000.  Cree filed a notice of appeal regarding the denial of his first § 2255 motion but his request for a certificate of appealability was denied by the Court of Appeals for the Eighth Circuit.  On March 6, 2002, Cree filed his second motion pursuant to 28 U.S.C. § 2255.  The second § 2255 motion was denied by the undersigned on March 28, 2002, for failure to obtain permission from the Eighth Circuit to file a successive motion.  Cree then applied for

authorization from the Eighth Circuit to file a successive § 2555 motion. His application was denied in an order dated November 4, 2002, which was filed with the district court on November 12, 2002. The petition now before the Court was filed on April 22, 2010.

## II.     DISCUSSION

Cree's petition was filed pursuant to 28 U.S.C. § 2241. In his petition Cree argues he received ineffective assistance of counsel. He also argues this Court lacked jurisdiction over the interstate domestic violence and kidnapping charges.

A challenge to the legality of a federal sentence or conviction should be brought pursuant to § 2255. The grant of habeas corpus relief pursuant to § 2241 is only appropriate if the petitioner shows that "the remedy by motion is inadequate or ineffective to test the legality of his detention." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000); 28 U.S.C. § 2255(e). Cree argues that the previous denial of a certificate of appealability and the "time limits" involved (presumably he is referring to the one-year statute of limitations) render the § 2255 process inadequate, ineffective and futile. But, as the Court pointed out in Lurie, procedural barriers are insufficient to demonstrate remedy by § 2255 motion is inadequate or ineffective. Id. Denial of § 2255 relief, denial of permission to file a successive motion, dismissal of a successive petition and dismissal based the running of the one-year limitations period are all examples of procedural hurdles which fail to render a § 2255 motion inadequate or ineffective. Id. Cree has failed to show a § 2255 motion is inadequate or futile. As such, the Court will treat Cree's petition as a motion made pursuant to 28 U.S.C. § 2255.

The Court is aware of the Eighth Circuit's holding in Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002) that when a district court decides to reclassify a pro se litigant's

pleading as § 2255 motion it must first warn the litigant of the restrictions on successive motions and the one-year limitations and then provide the litigant with the opportunity to either consent to reclassification or withdraw the motion.  However, the Court concludes that Morales, which involved a prisoner's first motion, does not apply to the current situation in which the prisoner is filing his third motion.  See Hines v. Devore, No. 4:09CV1236, 2009 WL 3514491, at n. 1 (E.D. Mo. Oct. 29, 2009)(Morales warning not necessary when second rather than first § 2255 motion involved).  Providing Cree with a Morales type warning and opportunity to withdraw would be of no consequence and would not further the rationale of Morales that a pro se litigant may not be aware of AEDPA's gatekeeping provisions and all the consequences of reclassification.

The Court has reviewed the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings.  This is the third § 2255 motion Cree has filed and thus the motion is clearly a successive Section 2255 motion.[1]  Before a second or successive § 2255 motion may be filed in the district court the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the second or successive § 2255 motion. 28 U.S.C. §§ 2244(3)(A) and 2255.  It does not appear from Cree's submission that he has complied with this requirement and for this reason the matter must be dismissed.

### III.    CONCLUSION

Accordingly, Cree's motion is hereby **DISMISSED**.  It is **FURTHER ORDERED** that the motion for leave to proceed in forma pauperis is **DENIED as moot**.

In addition, the Court certifies that an appeal from the dismissal of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in

---

[1] The motion is also very likely untimely as motions pursuant to 28 U.S.C. § 2255 are generally subject to a one-year statute of limitations.

good faith. See 28 U.S.C. § 1915(a)(3); see also Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Based on the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that district courts possess the authority to issue certificates of appealability under § 2253(c)). If Cree desires further review of his motion, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 4th day of May, 2010.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court